## RENARD et al. vs. TURNER.

[BILL IN EQUITY TO ENJOIN SALE UNDER MORTGAGE.]

1. *Agent; payment to.*—A payment by the maker of a promissory note, before its transfer by the payee, to an agent of the payee, within the scope of his authority, is a good payment.

APPEAL from the Chancery Court of Mobile.
Heard before Hon. N. W. COCKE.

THE bill in this case was filed on the 12th May, 1863, by Lucy A. Turner and her husband, William Turner against Adolphe Renard and Victor Angelot, and sought to enjoin said Renard from selling a certain lot of land in the city of Mobile. According to. the allegations of the bill, the complainants bought of Adolphe Renard a certain lot of land in the city of Mobile, on the 20th March, 1861, which was conveyed absolutely to Lucy A. Turner, and paid therefor, cash, and two promissory notes made by said William and Lucy A. Turner, one for $1620, due twelve months after date, payable at Bank of Mobile, and one for $1740, due twenty-four months after date, payable at same place, and both dated 20th March, 1861 ; and in order to secure the payment of said notes, they executed a mortgage of said premises to said Renard, which was duly recorded. The bill alleged that complainants paid the ful and entire amount, principal and interest, of said indebtedness, and notes, and nothing was due to said Renard ; that they did not take up said mortgage and notes, at the time, but they were subsequently to be given up ; that complainants, some time after, called on said Renard for the said notes and mortgage, but he refused to deliver them up, and refused to enter satisfaction on the record of said mortgage, and insisted that he intended to make complainants pay said debt over again, in gold and silver, and hreatened to sell the said lot under the power of sale in

said mortgage. The prayer of the bill was that said Renard be enjoined from selling under said power in said mortgage, and the said mortgage and notes be declared satisfied, and that the same be delivered up and cancelled, and that cancellation be entered upon the record of said mortgage.

The defendant Renard having disclosed the fact in his answer, that the note for $1720, due twenty-four months after date, had been transferred before the filing of this bill, to one Victor Angelot, he was made a party defendant to said bill. At the February term, 1866, of said court, the death of complainant, Lucy A. Turner, was suggested, and the cause was abated as to her, and proceeded in the name of the other complainant alone. The testimony of the witness, Br. Tardy, upon which the case turned, will sufficiently appear from the opinion of the court. Upon the hearing of the case, the chancellor granted the relief prayed for. This action of the court is the principal error assigned.

HAMILTONS, for appellant.
DARGAN AND TAYLOR, *contra.*

BYRD, J.—1. The witness, Tardy, testified that he was the agent of Renard, and that it was understood between himself, Turner and Renard, that "Turner might pay the notes before maturity," and the "payments might be made to witness, and that all sums thus paid should be good"; and that after the trade, Renard authorized the witness "to receive the money for him." In conformity to this understanding and authority, it appears that Turner paid the note in controversy to Tardy a few days before its maturity, in Confederate States treasury notes. It further appears that the first note falling due had been paid in such treasury notes to Tardy, and he had paid them to Renard without any objection. It appears that the note in controversy has been assigned by Renard to Angelot as collateral security to a debt which was due him from Renard. But the evidence shows that such transfer was not made until

after the payment to Tardy ; or, such is the clear inference to be drawn from the evidence.

Under these circumstances, it seems to us that Renard is bound by the payment thus made to his agent.   We do not say that the understanding as proven by Tardy was binding on Renard, so that he could not have repudiated it; but such an understanding, when executed by the parties, must be held binding on them.   The act of an agent within the scope of his authority is the act of the principal, yet the latter may at any time put an end to the agency, but until he does so, what his agent does in good faith, and without any fraud with which the party with whom he deals is chargeable, must be held to be valid as if done by the principal.

And if the principal has been injured by the acts of the agent, the law affords a remedy.   But the law does not treat any and every loss resulting from an act done by an agent, within the scope of his authority, as an injury for which it gives a remedy.   But there are cases in which the agent may be responsible for an injury, and the party with whom he deals cannot be made so ; and so it might be, that the latter could in some instances be held liable by the principal, and the agent could not be ; and both, in other cases, may be liable to the principal.   Be this as it may, we are satisfied that in this case, the payment to Tardy must be treated as a payment to the principal, so far as Turner is concerned.

We can see no injury which has resulted to appellants from the order of the chancellor abating the suit as to Mrs. Turner, and directing it "to proceed in the name of the other complainant alone."   And no objection seems to have been made in the court below to the order.   It may have been irregular to proceed without making the heir of Mrs. Turner a party, but it is not such an one as is available for a reversal in this case upon an assignment of error thereon by the appellants.

It results that the decree of the chancellor must be affirmed.